**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**LAUREN WOLCOTT,** **CASE NO.:**

Plaintiff,

vs.

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,**

Defendant.
__________________________________________________________/

## COMPLAINT

**COMES NOW,** the Plaintiff, **Lauren Wolcott**, by and through her undersigned attorney, and files this Complaint against the Defendant, **The Prudential Insurance Company of America,** (hereinafter referred to as "**Prudential**"), and states:

1. This is an action brought under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. sec. 1001, et seq, to recover benefits due to the Plaintiff under the terms of an ERISA Plan, to enforce rights under the terms of said Plan, and to clarify Plaintiff's rights to benefits under the Plan.

2. Jurisdiction is conferred on this Court pursuant to Title 29 U.S.C. sec. 1131 (e)(1) and Title 29 U.S.C. sec. 1132 (f).

3. The acts and omissions hereinafter complained of occurred in St. Johns County, Florida in the above-titled judicial district.

4. At all times material hereto, Plaintiff was a resident of St. Johns County, Florida and was a "participant" in the Plan under ERISA.

5. At all times material hereto, the Plan was sponsored and administered by entities which were corporations authorized and qualified to do business in the State of Florida and doing business in Florida.

6. At all times material hereto, Defendant Prudential was the administrator and funding source of short and long term disability benefits under the Plan.

7. At all times material hereto, Nutanix, Inc. was the Plan Sponsor of the Plan.

8. At all times material hereto, the Plan was a plan established by the Plan sponsor to provide short and long term disability benefits to eligible employees of Nutanix, Inc. and as such, is an employee welfare benefit plan as defined under and governed by ERISA 29 U.S.C. sec. 1001 et seq. Said Plan is attached as Exhibit A.

9. On or about May 7, 2024, Plaintiff became entitled to short and long term disability benefits under the Plan as a result of disabling medical conditions.

10. After Plaintiff's application under the Plan for short and long term disability benefits, Plaintiff was denied short and long term disability benefits under the Plan.

11. Plaintiff has been damaged in that Plaintiff has been denied payment of short and long term disability benefits to which Plaintiff is entitled under the terms of the Plan.

12. Plaintiff has exhausted any and all administrative remedies provided under the Plan.

13. Plaintiff has been required to obtain the services of the undersigned attorney, and the undersigned attorney is entitled to payment of a reasonable attorneys fee. The Court may award a reasonable attorneys fee pursuant to 29 U.S.C.sec.1132(g)(1)

WHEREFORE, Plaintiff demands judgment against the Defendant for payment of short and long term disability benefits due and owing under the Plan, plus interest, costs, and payment of attorneys fees.

DATED THIS 18th day of September 2025.

FARRELL DISABILITY LAW

Thomas M. Farrell, IV, Esquire
Florida Bar No.: 972347
Attorney for Plaintiff
4651 Salisbury Road, Suite 400
Jacksonville, Florida 32256
Telephone: (904) 388-8870
Fax: (904) 339-9590
E-mail:tom@tfarrellpa.com